UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARVIN ADONAY OCHOA VALLE, )<br>)<br>Petitioner, )<br>)<br>v.   )<br>)<br>DON JONES, et. al.,   )<br>)<br>Respondents.   ) | Case No. CIV-25-1161-J |

**ORDER**

Petitioner, a noncitizen and El Salvador national, filed a Petition for Writ of Habeas Corpus challenging his detention with the United States Immigration and Customs Enforcement (ICE). The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin has issued a Report and Recommendation recommending that the Court grant Petitioner's Petition to the extent it requests habeas relief under 28 U.S.C. § 2241 and order him released from ICE detention. (Rep. & Rec.) [Doc. No. 15]. Respondents filed an Objection. [Doc. No. 16]. For the reasons discussed below, the Report and Recommendation is ADOPTED and Respondents are ordered to RELEASE Petitioner.

**I.   Background**

Petitioner, who suffers intellectual disabilities, came to the United States with a family member in March 2006. Later the same year, an Immigration Judge (IJ) ordered Petitioner deported to El Salvador and that occurred in April 2011. Petitioner fled El Salvador again and reentered the United States in August 2011. The prior removal order was immediately reinstituted, but Petitioner was released on bond. In January 2014, Petitioner filed an application for asylum and in March 2018, the IJ granted withholding of removal, prohibiting Petitioner's removal to El

Salvador because he would be likely subject to persecution. Petitioner's bond was canceled in August 2018.

On February 24, 2025, ICE arrested Petitioner and placed him in detention where he has remained for the last nine months.

Petitioner, through counsel, filed the instant habeas petition in October 2025, arguing his detention is unlawful under 8 U.S.C. § 1231(a) and *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court held that a noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained without violating the Fifth Amendment of the United States Constitution. *See* 533 U.S. at 701. *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

On review, Judge Erwin agreed with Petitioner. Specifically, he found that Petitioner had met his initial burden of showing that his detention had surpassed six months *and* there was no significant likelihood of removal in the reasonably foreseeable future. *See* Rep. & Rec. at 7-10. He then concluded that Respondents failed to meet their burden because while they submitted a declaration from Deportation Officer McNary that Petitioner was detained because "it was believed that Mexico was accepting citizens of El Salvador with final orders of removal," [Doc. No. 11, Ex. 1 at 3], they had not responded with any evidence that Mexico – or any other country – had agreed to accept *Petitioner*. *See* Rep. & Rec. at 11-12.

## II.     Standard of Review

Respondents' objection (1) documents the standard required to trigger de novo review, (2) re-urges their arguments presented to Judge Erwin, and (3) restates Deportation Officer McNary's declaration.  [Doc. No. 16].  The objection does not alert this Court as to why the Report and Recommendation is in error.  *See id.*  As such, the Court finds that this objection is insufficient to trigger de novo review.

A proper objection to a report and recommendation triggers the Court's de novo review. *See* Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific so that it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  "[A] general objection is sufficient." *Id.* at 1060.

Although it was timely, Respondents' objection is too general to trigger de novo review. Most significantly, it is wholly insufficient to alert this Court as to what legal or factual errors they believe Judge Erwin made in reaching his conclusion.  *See Sukhyani v. Bondi*, No. CIV-25-1243-J, 2025 WL 3283274, at *2 (W.D. Okla. Nov. 25, 2025) (finding respondents' objection, which contained no specific examples of error or mistake within the report and recommendation and relied simply on arguments made before the magistrate judge was insufficient to trigger de novo review); *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) ("Because Petitioner does not make a specific objection to any of the R. & R.'s findings or legal recommendations, Petitioner has not preserved any issue for de novo review by this Court or for appellate review."); *Jones v. Dish Network Corp.*, No. 22-CV-00167-CMA-STV, 2023 WL 2796943, at *17 (D. Colo. Jan. 31, 2023) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review."),

3

*adopted*, 2023 WL 2644081 (D. Colo. Mar. 27, 2023); *Pierce v. Kobach*, No. 23-4028-JWB, 2023 WL 3948597, at *1 (D. Kan. June 12, 2023) (finding petitioner's objection, wherein he simply expressed disagreement with the recommendation, left "him with no entitlement to appellate review"), *aff'd*, No. 23-3121, 2023 WL 5216937 (10th Cir. Aug. 15, 2023). Additionally, Respondents' attempt to relitigate their arguments raised in response to the Petition fails to trigger de novo review. *See Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) ("An objection that merely reargues the underlying motion is little different than an objection that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review." (cleaned up)); *O'Neil v. Hill*, No. 1:21-CV-4173-AT, 2024 WL 4665553, at *2 (N.D. Ga. Sept. 17, 2024) ("[A] party does not state a valid objection to an R&R by merely incorporating by reference previous filings."), *aff'd*, No. 24-13408, 2025 WL 1892449 (11th Cir. July 9, 2025); *Dickerson v. Conway*, No. 08 CIV. 8024 PAE FM, 2013 WL 3199094, at *1–2 (S.D.N.Y. June 25, 2013) (holding that plaintiff's objection to the report and recommendation, wherein he attempted to incorporate his underlying pleadings by reference, was "simply a recapitulation" of the prior arguments and insufficient to trigger de novo review).

### III.   Analysis

Having determined that Respondents' objection did not trigger de novo review, the Court reviews Judge Erwin's Report and Recommendation only to "confirm that there is no clear error on the face of the record." *Barnett v. Oklahoma State Reformatory*, No. CIV-25-248-J, 2025 WL 2205827, at *1 (W.D. Okla. Aug. 4, 2025).

With that review, the Court ADOPTS the thorough and well-reasoned Report and Recommendation. Additionally, even if the Court engaged in de novo review, it would agree with

Judge Erwin that (1) Petitioner's interests are protected through his attorney's representation, *see* [Doc. No. 1, Ex. 1], and (2) Respondents have failed to submit any evidence that Mexico or any other country has agreed to accept Petitioner. *See Momennia v. Bondi*, No. CV 25-1067-J, 2025 WL 3006045, at *1 (W.D. Okla. Oct. 27, 2025) (finding respondents had failed to carry their burden of showing a likelihood of removal in the reasonably foreseeable future where they only speculated that another country may take the petitioner and had not identified any country that had agreed to the same).

IV.  **Conclusion**

For the reasons stated above, the Report and Recommendation [Doc. No. 15] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED to the extent it requests habeas relief under 28 U.S.C. § 2241. Respondents are ordered to immediately RELEASE Petitioner, subject to the terms of an appropriate Order of Supervision (if deemed necessary).[1]

A separate judgment will issue.

IT IS SO ORDERED this 4th day of December, 2025.



BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[1] The Report and Recommendation also recommends that Respondents be ordered to file a certification affirming that Petitioner has been released from custody. *See* Rep. & Rec. at 12. The Court finds this unnecessary.